UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALBERT RUDGAYZER, MICHAEL AMALFITANO, and LILLIAN GANCI, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>    v.<br><br>GOOGLE, INC.,<br><br>                Defendant. | Case No. 5:14-cv-00673-PSG<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE WITH REPORT AND RECOMMENDATION THAT THE PENDING MOTION TO DISMISS BE GRANTED**<br><br>**(Re: Docket No. 52)** |

Before the court is an unopposed motion filed by Defendant Google, Inc. to dismiss Plaintiff Albert Rudgayzer's claims.[1]

Google properly cites Fed. R. Civ. P. 25(a)(1), which provides that if a party dies and the claim is not extinguished, the court may order substitution of the proper party via a motion for substitution. "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."[2] In order to trigger the running of

---

[1] *See* Docket No. 52.

[2] *See* Fed. R. Civ. P. 25(a)(1).

1
Case No. 5:14-cv-00673-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE WITH REPORT AND
RECOMMENDATION THAT THE PENDING MOTION TO DISMISS BE GRANTED

the 90-day period, a party must "formally suggest the death of the party upon the record" and "serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."[3]  Thus, nonparty successors and representatives must be served in the manner required by Rule 4 for the service of summons.[4]

Rudgayzer died on May 16, 2013.[5]  On July 31, 2013, Google filed a suggestion of death on the record[6] and served it on Rudgayzer's former counsel,[7] triggering the running of the 90-day period.  No motion to substitute has since been filed, and Rudgayzer's claims should therefore be dismissed.  However, because Rudgayzer is deceased, he is unrepresented and has not tendered consent to the undersigned's jurisdiction.[8]  The court therefore ORDERS that the case be reassigned to a district judge with the recommendation that the motion to dismiss be GRANTED.

**IT IS SO ORDERED.**

Dated: July 2, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

[4] *See id.*

[5] *See* Docket No. 31.

[6] *See id.*

[7] *See* Docket No. 51.  Rudgayzer's former counsel represented that he was authorized to accept personal service on behalf of Mrs. Tanya Rudgayzer, Rudgayzer's only known potential successor. *See id.*

[8] This case was assigned to the undersigned following a transfer to this district from the Eastern District of New York.  *See* Docket No. 40.

2
Case No. 5:14-cv-00673-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE WITH REPORT AND
RECOMMENDATION THAT THE PENDING MOTION TO DISMISS BE GRANTED