FILED

JAN 16 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA
3  SAN JOSE DIVISION

| | |
|---|---|
| Michael Amalfitano, *et al.*, | Case No. 5:14-cv-00673-BLF |
| *Plaintiffs,* | |
| -against- | |
| GOOGLE INC., | |
| *Defendant.* | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS THE COMPLAINT PURSUANT TO RULES 12(b)(1)
AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Michael Amalfitano
1159-84th Street
Brooklyn, New York 11228

Plaintiff *Pro Se*

---

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

1

**TABLE OF CONTENTS**

2
                                                                                     **Page**
3
TABLE OF AUTHORITIES .................................................... ii

4
STATUTES ............................................................... ii

5
CASES .................................................................. ii

6
INTRODUCTION .......................................................... 1

7
FACTS REGARDING OPTING OUT OF THE SETTLEMENT IN *IN RE
GOOGLE BUZZ USER PRIVACY LITIG.*, No. 5:10-cv-00672-JW (N.D. CALIF.) ........... 1

8
ARGUMENT .............................................................. 2

9
PLAINTIFF HAS STANDING ................................................ 2

10

11
     A.   Actual Damages Are Not Required in Order
        for Plaintiff to Have Article III Standing ................................ 2

12

13
     B.   Actual Damages Are Not Required in Order to State a Claim
        for Statutory Damages Under the Stored Communications Act .............. 6

14
     C.   Actual Damages Are Not Required in Order to State a Claim
        for Punitive Damages Under the Stored Communications Act ............... 7

15

16
II.     PLAINTIFF'S CLAIMS ARE NOT SUBJECT TO *RES JUDICATA* ............... 7

17
III.    PLAINTIFF HAS STATED A CAUSE OF ACTION .......................... 9

18
CONCLUSION ........................................................... 9

19

20

21

22

23

24

25

26

27
Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

i
28

1

## <u>TABLE OF AUTHORITIES</u>

2                                                                                    **Page**

**STATUTES**

3

4    5 U.S.C. § 552a ................................................................ 6

5    15 U.S.C. § 1681, *et seq.* ...................................................... 3, 4

6    18 U.S.C. §§ 2701-2712 ...................................................... 6, 7, 8

7    Fed. R. Civ. P. 12(b)(1) ......................................................... 1

8    Fed. R. Civ. P. 12(b)(6) ......................................................... 1

9

**CASES**

10

11   *Beaudry v. TeleCheck Servs., Inc.,*
     579 F.3d 702 (6th Cir. 2009) ............................................... 3, 4

12

13   *Brown v. Hain Celestial Group, Inc.,*
     913 F. Supp. 2d 881 (N.D. Calif. 2012) ..................................... 1, n.1

14   *Cedar Hill Assocs., Inc. v. Paget,*
     No. 04-cv-0557, 2005 WL 3430562 (N.D. Ill. Dec. 9, 2005) ......................... 6

15

16   *Chadha v. Chopra,*
     No. 12-cv-4204, 2012 WL 6044701 (N.D. Ill Dec. 5, 2012) ........................ 6-7

17

18   *Cheung v. Wells Fargo Bank, N.A.,*
     987 F. Supp. 2d 972 (N.D. Calif. 2013) ..................................... 5, n.2

19   *Doe v. Chao,*
     540 U.S. 614 (2004) ........................................................ 6, 7

20

21   *Freedman v. Town of Fairfield,*
     No. 03-cv-01048, 2006 WL 2684347 (D. Conn. Sept. 19, 2006) ...................... 6

22   *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,*
     528 U.S. 167 (2000) .......................................................... 5

23

24   *Gaos v. Google Inc.,*
     No. 10-cv-4809, 2012 WL 1094646
     (N.D. Cal. Mar. 29, 2012) .................................................... 5

25

26

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

ii

27

28

**Table of Contents; Cases (*cont'd*)**

Page

*In re Hawaiian Airlines, Inc. v. Konop,*
   355 B.R. 225 (D. Haw. 2006) ............................................. 6

*Jewel v. Nat'l Sec. Agency,*
   673 F.3d 902 (9th Cir. 2011) ............................................. 5

*Lucas v. Dep't of Corrections,*
   66 F.3d 245 (9th Cir. 1995) ............................................. 5, n.2

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ............................................. 3, 4

*Maremont v. Susan Fredman Design Grp., Ltd.,*
   No. 10-cv-7811, 2014 WL 812401 (N.D. Ill. Mar. 3, 2014) ..................... 6

*Murray v. GMAC Mortg. Corp.,*
   434 F.3d 948 (7th Cir.2006) ............................................. 3

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,*
   759 F. Supp. 2d 417 (S.D.N.Y. 2010) ..................................... 6, 7

*Robins v. Spokeo, Inc.,*
   742 F. 3d 409 (9th Cir. 2014) ............................................. 2, 3, 4, 5

*Shefts v. Petrakis,*
   931 F. Supp. 2d 916 (C.D. Ill. 2013) ..................................... 6

*Van Alstyne v. Electronic Scriptorium, Ltd.,*
   560 F.3d 199 (4th Cir. 2009) ............................................. 6, 7

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

iii

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

2

3

4

MICHAEL AMALFITANO, *et al.*,

Case No. 5:14-cv-00673-BLF

5

*Plaintiffs,*

Date:   January 29, 2015
Time:   9:00 a.m.
Judge:  Hon. Beth Labson Freeman

6

-against-

7

GOOGLE INC.,

8

9

*Defendant.*

10

## INTRODUCTION

11

Plaintiff, Michael Amalfitano ("Amalfitano"), submits this Memorandum of Points and

12

Authorities in opposition to the motion by Defendant, Google Inc. ("Google"), to dismiss the

13

Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

14

## FACTS REGARDING OPTING OUT OF THE SETTLEMENT IN *IN RE GOOGLE BUZZ USER PRIVACY LITIG.*, No. 5:10-cv-00672-JW (N.D. CALIF.)

15

16

Amalfitano sought to opt out of the settlement in *In re Google Buzz User Privacy Litig.*, No.

17

5:10-cv-00672-JW (N.D. Calif.) (the "Google Buzz Class Action"), and, in doing so, followed one

18

or the other requirement from each set of those requirements that were inconsistent as between the

19

settlement agreement (the "Google Buzz Settlement Agreement" or "Settlement Agreement") and

20

the corresponding class notice (the "Google Buzz Class Notice" or "Class Notice"). His opt-out

21

request was, he alleges, wrongly rejected. *See* Compl., E.D.N.Y. Dkt. No. 1, ¶¶ 1(2), 29.[1]

22

23

[1] Although the Complaint referred to four exhibits (*see* Compl., E.D.N.Y. Dkt. No. 1, ¶¶ 12, 16, 17), those exhibits were inadvertently omitted. However, they are deemed to be incorporated into the Complaint (*see Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 892 (N.D. Calif. 2012)), and are annexed, for the convenience of the Court, as Exhibits "A" through "D" to the accompanying Declaration of Michael Amalfitano.

24

25

26

27

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

1

28

With respect to the inconsistencies between the Class Notice and the Settlement Agreement, the Complaint alleges as follows:

> 24.    On October 7, 2010, the United States District Court for the Northern District of California preliminary approved the Google Buzz Settlement Agreement, and, in so doing, stated: "[t]he [Google Buzz] Settlement Agreement between Defendant and Plaintiffs is adopted by the Court and made part of this Order as if set out in full herein."

> 25.    The Google Buzz Settlement Agreement provided that the timeliness of opt-out requests would be determined by the date on which such requests are *postmarked*, whereas the Google Buzz Class Notice provided that such timeliness would be determined by the date on which such requests are *received*.

> 26.    The Google Buzz Settlement Agreement did not require one to provide his reasons for opting out of the class when making the request to opt out, whereas the Google Buzz Class Notice contained such a requirement.

> 27.    The Google Buzz Settlement Agreement did not require one to provide, in an opt-out requests, proof that he used Gmail at some point after February 9, 2010, whereas the Google Buzz Class Notice contained such a requirement.

> 28.    The Google Buzz Settlement Agreement required that opt-out requests be signed under oath, whereas the Google Buzz Class Notice required a signature but did not require that it be under oath.

Compl., E.D.N.Y. Dkt. No. 1, ¶¶ 24-28 (emphases in original).

## ARGUMENT

## POINT I

## PLAINTIFF HAS STANDING

**A.    Actual Damages Are Not Required in Order for Plaintiff to Have Article III Standing**

In *Robins v. Spokeo, Inc.*, 742 F. 3d 409 (9th Cir. 2014), the court held that Congress may, consistent with Article III, confer standing upon a person who has not suffered actual harm from a violation of the statute in question. *See id.* at 412-414. As the court explained:

> In standing cases that analyze statutory rights, our precedent establishes two propositions. First, Congress's creation of a private cause of action to enforce a statutory provision implies that Congress intended the enforceable provision to create a statutory right. Second,

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

2

the violation of a statutory right is usually a sufficient injury in fact to confer standing. Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief.

*Id.* at 412 (citations and quotation marks omitted).

The *Robins* court's further explanation, which addressed the claims before it (under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*), is equally applicable to Amalfitano's claims:

> . . . [T]he statutory cause of action does not require a showing of actual harm when a plaintiff sues for willful violations. 15 U.S.C. § 1681n(a) ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to ... damages of not less than $100 and not more than $1,000...."); *see also Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705-07 (6th Cir.2009) (ruling that the FCRA "permits a recovery when there are no identifiable or measurable actual damages"); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952-53 (7th Cir.2006) (ruling that the FCRA "provide[s] for modest damages without proof of injury").
>
> The scope of the cause of action determines the scope of the implied statutory right. *See Edwards*, 610 F.3d at 517 ("Because the statutory text does not limit liability to instances in which a plaintiff is overcharged, we hold that Plaintiff has established an injury sufficient to satisfy Article III."). When, as here, the statutory cause of action does not require proof of actual damages, a plaintiff can suffer a violation of the statutory right without suffering actual damages.

*Id.* at 412-413 (footnote omitted).

The *Robins* court next explicitly addressed the relationship between statutory damages, actual harm, and Article III standing. First, the court noted the general limits upon standing that Article III imposes:

> Of course, the Constitution limits the power of Congress to confer standing. *See Lujan [v. Defenders of Wildlife]*, 504 U.S. [555] at 577 [(1992)] (refusing "[t]o permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts"); *id.* at 580 (Kennedy, J., concurring in part and concurring in the judgment) ("The Court's holding that there is an outer limit to the power of Congress to confer rights of action is a direct and necessary consequence of the case and controversy limitations found in Article

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

3

III."). This [C]onstitutional limit, however, does not prohibit Congress from "elevating to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id.* at 578 (majority opinion).

*Id.* at 413. The court next explained that Congress may confer Article III standing upon a person as a result solely of a violation of statutory rights, *i.e.*, rights created by Congress itself, even without actual harm:

> The issue before us is whether violations of statutory rights created by the FCRA are "concrete, *de facto* injuries" that Congress can so elevate. We are not the first Court of Appeals to face this question. In *Beaudry*, the Sixth Circuit considered whether an FCRA plaintiff suing under 15 U.S.C. § 1681n had sufficiently alleged an injury in fact by alleging a violation of the FCRA. 579 F.3d at 707. The court identified two constitutional limitations on congressional power to confer standing. First, a plaintiff "must be `among the injured,' in the sense that she alleges the defendants violated *her* statutory rights." *Id.* Second, the statutory right at issue must protect against "individual, rather than collective, harm." *Id.* The *Beaudry* court held that the plaintiff satisfied both of these requirements. *Id.*
>
> [The plaintiff] is in the same position. First, he alleges that [the defendant] violated *his* statutory rights, not just the statutory rights of other people, so he is "among the injured." Second, the interests protected by the statutory rights at issue are sufficiently concrete and particularized that Congress can elevate them. *Lujan*, 504 U.S. at 578. Like "an individual's personal interest in living in a racially integrated community" or "a company's interest in marketing its product free from competition," [the plaintiff]'s personal interests in the handling of his credit information are individualized rather than collective. *Id.* (describing two "concrete, *de facto* injuries" that Congress could "elevat[e] to the status of legally cognizable injuries"). Therefore, alleged violations of [the plaintiff]'s statutory rights are sufficient to satisfy the injury-in-fact requirement of Article III., 504 U.S. at 577, 112 S.Ct. 2130 (refusing "[t]o permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts"); *id.* at 580 (Kennedy, J., concurring in part and concurring in the judgment) ("The Court's holding that there is an outer limit to the power of Congress to confer rights of action is a direct and necessary consequence of the case and controversy limitations found in Article III."). This constitutional limit, however, does not prohibit Congress from "elevating to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id.* at 578, (majority opinion).

*Id.* at 413-414 (emphasis in original).

Finally, the *Robins* court explained that the Article III requirement of redressability is

---

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

4

1  satisfied by the plaintiff's entitlement to monetary damages:

2          In addition to injury in fact, of course, standing requires
   causation and redressability. *See* [*Friends of the Earth, Inc. v.*]
3  *Laidlaw* [*Envtl. Servs., Inc.*], 528 U.S. [167] at 180-81 [(2000)].
   Where statutory rights are asserted, however, our cases have
4  described the standing inquiry as boiling down to "essentially" the
   injury-in-fact prong. When the injury in fact is the violation of a
5  statutory right that we inferred from the existence of a private cause
   of action, causation and redressability will usually be satisfied. First,
6  there is little doubt that a defendant's alleged violation of a statutory
   provision "caused" the violation of a right created by that provision.
7  Second, statutes like the FCRA frequently provide for monetary
   damages, which redress the violation of statutory rights. *See Jewel v.*
8  *Nat'l Sec. Agency,* 673 F.3d 902, 912 (9th Cir.2011) (ruling that there
   was "no real question about redressability" when a plaintiff sought
9  "an injunction and damages, either of which is an available remedy").
   Therefore, Robins has adequately pled causation and redressability
   in this case.

10

11  *Id.* at 414 (citations and footnote omitted). As explained with respect to the SCA in another case

12  against Google, "Google's argument fail[ed] because the SCA provides a right to judicial relief

13  based only on a violation of the statute without additional injury. Thus, a violation of one's statutory

14  rights under the SCA is a concrete injury." *Gaos v. Google Inc.,* No. 10-cv-4809, 2012 WL 1094646

15  (N.D. Cal. Mar. 29, 2012), citing *Jewel v. Nat'l Sec. Agency,* 673 F. 3d 902, 909 (9th Cir. 2011).

16      Google, citing no authority at all, contends that "[t]he disclosure of information that is

17  already public is not actionable under the SCA." Def. Mem. at 13. However, the information at issue

18  was *not* public until Google wrongfully disclosed it. *See* Compl., E.D.N.Y. Dkt. No. 1, ¶¶ 12-20;

   Declaration of Michael Amalfitano.[2]

19

20

21

22  _____

23  [2] Amalfitano submits a declaration herewith describing how Google's conduct affected him. Thus,
   even if the Complaint were dismissed, leave to replead should be granted. *See Cheung v. Wells*
24  *Fargo Bank, N.A.,* 987 F. Supp. 2d 972 (N.D. Calif. 2013) ("[i]n dismissing a complaint, leave to
   amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by
25  amendment. *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995). When amendment
   would be futile, however, dismissal may be ordered with prejudice.").

26

27          Plaintiff's Memorandum of Points and Authorities in Opposition to
             Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

28                                        5

**B.  Actual Damages Are Not Required in Order to State a Claim**

Google contends that Amalfitano lacks Article III standing because he has "pled no facts whatsoever showing that anything at all happened to [him] as the result of the addition of Google Buzz to Gmail." Def. Mem. at 8. First, an allegation of actual harm is not required in order to state a cause of action under the Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA"). Section 2707(b)(2) of the SCA provides that "[i]n a civil action under [the SCA], appropriate relief includes . . . damages under [Section 2707(c)]," which, in turn, provides that "[t]he court may assess as damages in a civil action under [the SCA] the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but *in no case shall a person entitled to recover receive less than the sum of $1,000*. If the violation is willful or intentional, the court may assess punitive damages" (emphasis added). Accordingly, numerous courts have rejected the notion that actual damages are a prerequisite to SCA standing. *See Shefts v. Petrakis*, 931 F. Supp. 2d 916, 916-919 (C.D. Ill. 2013) (disagreeing with *Van Alstyne v. Electronic Scriptorium, Ltd.*, 560 F.3d 199 (4th Cir. 2009), and citing numerous district court cases that concluded, contrary to *Van Alstyne*, that the SCA did not require actual damages in order to recover statutory damages); *see also Maremont v. Susan Fredman Design Grp., Ltd.*, No. 10-cv-7811, 2014 WL 812401, *6-*7 (N.D. Ill. Mar. 3, 2014) (agreeing with "those courts that have held that a plaintiff need not prove actual damages in order to be entitled to statutory damages for an SCA violation" and citing those decisions); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 2d 417, 427-428 (S.D.N.Y. 2010) (finding that statutory damages are recoverable under the SCA whether or not the plaintiff suffered actual damages); *Freedman v. Town of Fairfield*, No. 03-cv-01048, 2006 WL 2684347 at *3 (D. Conn. Sept. 19, 2006) (same); *Cedar Hill Assocs., Inc. v. Paget*, No. 04-cv-0557, 2005 WL 3430562 at *3 (N.D. Ill. Dec. 9, 2005) (same); *In re Hawaiian Airlines, Inc. v. Konop*, 355 B.R. 225, 229-232 (D. Haw. 2006) (same); *Chadha v. Chopra*, No. 12-cv-4204, 2012 WL 6044701 at *3, n.3 (N.D. Ill Dec. 5, 2012) (finding that the plaintiffs had alleged actual harm but noting that, "[t]hough the Supreme Court [in *Doe v. Chao*, 540 U.S. 614 (2004)] held that . . . virtually identical language . . . of the [Privacy Act of 1974, 5 U.S.C. Section 552a] . . . did require actual damages,

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

6

it also arguably assumed that the SCA *did not* require actual damages in order to recover statutory damages," citing *Doe*, 540 U.S. at 626-627, and *Doe*, 540 U.S. at 639-640 (Ginsburg, J., dissenting) (emphasis in original)). As these cases show, Google's observation that "[c]ourts have held in *other contexts* that mere disclosure of information, without more, is insufficient to show actual harm," Def. Mem. at 9, n.3 (emphasis added), does not warrant such a finding with respect to the SCA.

Given that Section 2707(c) of the SCA refers to the "sum of the actual damages suffered by the plaintiff *and* any profits made by the violator as a result of the violation" (emphasis added), it would be just as logical to argue that a plaintiff's entitlement to recovery requires that the defendant profited from the violation as it is to argue that actual damages are required. Rather, as reflected in the majority of cases to have addressed the issue, "a plain reading of the statute" shows that actual damages are not required (just as profits are not required). *Pure Power Boot Camp, supra*, 759 F. Supp. 2d at 428.

**C.    Actual Damages Are Not Required in Order to State a Claim for Punitive Damages Under the Stored Communications Act**

Even the *Van Alstyne* court acknowledged that "proof of actual damages is not required before an award of either punitive damages [under Section 2707(c)] or attorney's fees [under Section 2707(b)(3)]." *Van Alstyne*, 560 F.3d at 209. Here, Plaintiff is seeking punitive damages. *See* Compl., E.D.N.Y. Dkt. No. 1, ¶ 75, and Prayer for Relief, ¶ (d).

## POINT II

## PLAINTIFF'S CLAIMS ARE NOT SUBJECT TO *RES JUDICATA*

Google argues that Amalfitano's claims are subject to *res judicata*, and that, furthermore, this Court lacks jurisdiction over his claim for declaratory relief, but that, in the alternative, this Court should exercise its discretion to refrain from hearing that claim. *See* Def. Mem. at 10-12. However, to the extent that Google's arguments are based on its contention that Amalfitano did not "opt out of the Buzz Class Action," Def. Mem. at 11, Google ignores the very essence of this case

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

7

1   and thereby puts the cart before the horse; that is, if this Court were to ultimately find that

2   Amalfitano is still a member of the Google Buzz Class, then, and only then, would Google be able

3   to argue that his claims must be brought, if at all, before the Google Buzz Class court. Indeed, the

4   Complaint requests that this Court "[d]eclar[e] . . . that . . . Amalfitano . . . validly opted out of th[e]

5   [Buzz] [C]lass." Compl., E.D.N.Y. Dkt. No. 1, Prayer for Relief, ¶¶ (a), (b). In contending that *res

6   judicata* applies here, Google overlooks the fact that a key element of that doctrine, which is that

7   the party in question, *i.e.*, Amalfitano, was a party to the Google Buzz Class Settlement, is in

8   dispute. In essence, Google has sought summary judgment but has done so prematurely.

9           Google notes that "[p]utative class members also had the opportunity to object to the [Google

10  Buzz] settlement . . . ." Def. Mem. at 5. However, the notion that Amalfitano should have objected

11  to the settlement (whether before the District Court or through appellate review) is contingent on

12  a finding that would go to the heart of the present dispute, *i.e.*, that Amalfitano had not opted out of

13  the settlement. Thus, Google again puts the cart before the horse.[3] Google contends that

14  Amalfitano's claim for declaratory relief is subject to *res judicata* because he is "asking this Court

15  to declare that the court that resolved the Buzz Class Action was wrong in its rulings. Permitting

16  Plaintiffs to relitigate their status as class members would most certainly destroy or impair the prior

17  judgment in the [Google] Buzz Class Action." Def. Mem. at 11. This argument is nonsensical

18  because, given the nature of the dispute regarding the status of Amalfitano viz-à-viz the Google

19  Buzz Class Action, the request for declaratory relief merely reflects that Amalfitano recognizes that

20  this Court's jurisdiction over his underlying claims, *i.e.*, his claims under the SCA, depends on the

---

[3] Indeed, Amalfitano's opt-out request precluded him from objecting to the settlement in any event. *See* Google Buzz Class Notice (a copy of which is annexed as Exhibit "E" to the Declaration of Michael Amalfitano) at 4, Section 9 ("[i]f you exclude yourself, you cannot object to the proposed Settlement. However, if you ask to be excluded, you may sue or continue to sue Google about the same claims resolved by this Settlement in the future. You will not be bound by anything that happens in this Action"); *see also id.* at 6, Section 15 ("[y]ou can object only if you stay in the Class [that is, only if you do not opt out]. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you cannot object to the Settlement because the case no longer affects you").

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

8

recognition that he is not a party to the Google Buzz Class Settlement.

## POINT III

### PLAINTIFF HAS STATED A CAUSE OF ACTION

Google's argument that Amalfitano has not stated a cause of action essentially repeats the argument that Google made with respect to standing, *see* Def. Mem. at 13-14; therefore, Google's argument that Amalfitano has not stated a cause of action fails for the same reasoning as does Google's argument against Amalfitano's standing. *See* Point I(B) and (C), *supra*.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety and grant Plaintiff any appropriate relief that is authorized by law.

Dated: January 14, 2015

Respectfully submitted,

Michael Amalfitano
1159-84th Street
Brooklyn, New York 11228

Plaintiff *Pro Se*

Plaintiff's Memorandum of Points and Authorities in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

9

1

### CERTIFICATE OF SERVICE

2        I hereby certify that on January 14, 2015, a true and accurate copy of the foregoing has been
3   served via Priority Overnight Federal Express on the following:

4        Susan D. Fahringer, Esq.
         PERKINS COIE LLP
5        1201 Third Avenue, Suite 4900
         Seattle, WA 98101

6

7                                                          Todd C. Bank

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        Plaintiff's Memorandum of Points and Authorities in Opposition to
          Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

28