FILED

JAN 16 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

MICHAEL AMALFITANO, *et al.*,

                                        *Plaintiffs*,

               -against-

GOOGLE INC.,

                                       *Defendant*.

Case No. 5:14-cv-00673-BLF

Date:   January 29, 2015
Time:  9:00 a.m.
Judge: Hon. Beth Labson Freeman

## DECLARATION OF MICHAEL AMALFITANO

1.      I am the plaintiff in this action, and submit this declaration in opposition to the motion by Defendant, Google Inc. ("Google"), to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

2.      When Google commenced its Google Buzz program, I had numerous Gmail contacts and a Gmail profile, which included my name. My understanding is that, notwithstanding that I affirmatively declined to opt into Google Buzz, Google added my Gmail account to Google Buzz. I was thus affected by Google Buzz in the manner set forth in paragraphs "12" and "20" of the Complaint. *See* Compl., E.D.N.Y. Dkt. No. 1.

3.      Exhibits "A" through "D," annexed hereto, are the exhibits to which the Complaint refers. *See* Compl., E.D.N.Y. Dkt. No. 1, ¶¶ 12, 16, 17.

1        4.      A copy of the Class Notice in *In re Google Buzz User Privacy Litig.*, No. 5:10-cv-

2    00672-JW (N.D. Calif.), is annexed hereto as Exhibit "E."

3            Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

4    correct.

5

6                                                  Michael Amalfitano

7                                                Executed on January 14, 2015

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                            Declaration of Michael Amalfitano in Opposition to
            Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

1

## CERTIFICATE OF SERVICE

2     I hereby certify that on January 14, 2015, a true and accurate copy of the foregoing has been
served via Priority Overnight Federal Express on the following:

3

4     Susan D. Fahringer, Esq.
PERKINS COIE LLP
5     1201 Third Avenue, Suite 4900
Seattle, WA 98101

6

7                                                          Todd C. Bank

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Michael Amalfitano in Opposition to
Defendant's Motion to Dismiss the Complaint; Case No. 5:14-cv-00673-BLF

# EXHIBIT A

**EXHIBIT A**



## New! Google Buzz in Gmail

Share updates, photos, videos, and more.
Start conversations about the things you find
interesting.

   **No setup needed**
You're already following the people you
email and chat with the most in Gmail.

   **Everything in one place**
Follow your friends and get recommended
buzz from others — all within Gmail.

   **Inbox integration**
Comments appear right in your inbox so it's
easy to keep the conversation going.

Sweet! Check out Buzz          Nah, go to my inbox



# EXHIBIT B

**EXHIBIT B**



# EXHIBIT C

**EXHIBIT C**

---

**How do you want to appear to others?** ☒

Profile preview - _Edit_



### Ted Taco

Ted has 12 followers
Ted is following 19

Your profile will include your name, photo, people you follow, and people who follow you.

Before participating in Buzz, you need a public profile with your name and photo. It's visible on the web so friends can find and recognize you. You can post publicly to the world or privately to only the people you choose. _Why do I need a profile?_

**Save profile and continue**    Cancel, don't post buzz

**EXHIBIT D**

**EXHIBIT D**



# EXHIBIT E

# If you are a Gmail user who was presented with the opportunity to use Google Buzz, you could be part of a class action Settlement.

*A federal court authorized this Notice. This is **not** a solicitation from a lawyer.*

- A class action Settlement has been reached with Google Inc. ("Google") that resolves litigation about privacy concerns arising out of Google's social networking program, Google Buzz. This Settlement was reached to avoid the costs and uncertainties of further litigation; it does not mean Google violated any law.

- Under the Settlement, Google will establish an $8.5 million Common Fund to fund organizations focused on Internet privacy policy or privacy education, as well as to cover lawyers' fees and costs and other expenses. Google will also do more to educate users about the privacy aspects of Google Buzz. Since the inception of this litigation, Google has also made changes to Google Buzz that clarify its operation and users' options, including, in particular, changes regarding user information and control over Buzz's privacy settings.

- Your legal rights are affected whether you act, or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| EXCLUDE YOURSELF | This is the only option that allows you to bring your own, or be part of any other, lawsuit against Google about the legal claims resolved in this Settlement. |
| OBJECT | Write to the Court about why you do not like the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Give up your rights to sue Google about the legal claims in this case and thereby accept the terms of this Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

    The Court in charge of this case still has to decide whether to approve the Settlement.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ................................................................................................**PAGE 3**

    1.  Why is this Notice being provided?
    2.  What is this Action about?
    3.  Why is this a class action?
    4.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ................................................................................**PAGE 3**

    5.  How do I know if I am part of the Settlement?
    6.  What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ................................................................................**PAGE 4**

    7.  What does the Settlement provide?
    8.  What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................**PAGE 4**

    9.  What happens if I exclude myself?
   10. If I do not exclude myself, can I sue later?
   11. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU** ....................................................................**PAGE 5**

   12. Do I have a lawyer in the case?
   13. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ..............................................................**PAGE 5, 6**

   14. How do I tell the Court that I do not like the Settlement?
   15. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ......................................................................**PAGE 6**

   16. When and where will the Court decide whether to approve the Settlement?
   17. Do I have to come to the hearing?
   18. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................**PAGE 6**

   19. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................**PAGE 6**

   20. How do I get more information about the Settlement?

# BASIC INFORMATION

### 1. Why is this Notice being provided?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action (the "Action") and about all your rights and options before the Court decides whether to give "final approval" to the Settlement. This Notice explains the Action, the Settlement, your legal rights, what benefits are available, and how to get them.

Judge James Ware of the United States District Court for the Northern District of California, San Jose Divison, is overseeing this class action. The case is known as *In re Google Buzz User Privacy Litigation*, No. 5:10-cv-00672-JW. The people who sued are called the "Plaintiffs," and the organization that they sued, Google Inc., is called the "Defendant."

### 2. What is this Action about?

On February 9, 2010, Google launched Buzz, a social networking program. The Plaintiffs allege that Google automatically enrolled Gmail users in Buzz, and that Buzz publicly exposed data, including users' most frequent Gmail contacts, without enough user consent. The Action alleges that Google violated (i) the Electronic Communications Privacy Act, 18 U.S.C. §2510 *et seq*; (ii) the Stored Communications Act, 18 U.S.C. §2701 *et seq*; (iii) the Computer Fraud and Abuse Act, 18 U.S.C. §1030 *et seq*; (iv) the common law tort of Public Disclosure of Private Facts as recognized by California common law; and (v) the California Unfair Competition Law, California Business & Professions Code §17200. Google denies the accuracy of Plaintiffs' allegations and denies that it violated any law or caused any harm by the launch of Google Buzz.

### 3. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Mark Neyer, Barry Feldman, Katherine C. Wagner, Andranik Souvalian, John H. Case, Lauren Maytin, and Rochelle Williams) sue on behalf of people who have similar claims. All of these people are a "Class" or "Class Members." The Settlement resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Google. Instead, both sides agreed to settle this case to avoid the cost and risk of trial. The Settlement does not mean that any law was broken or that the Google did anything wrong. Google denies all legal claims in this case. The Class Representatives and their lawyers think the Settlement is in the best interest of the Class Members.

# WHO IS IN THE SETTLEMENT

To see if you will be affected by this Settlement, you first have to determine if you are a Class Member.

### 5. How do I know if I am part of the Settlement?

The Court decided that the Class includes all Gmail users in the United States who were presented with the opportunity to use Google Buzz before November 2, 2010. The Class also includes all representatives, heirs, administrators, executors, beneficiaries, agents, and assigns of these affected individuals.

### 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Class, or have any other questions about the Settlement, call the toll-free number, 1 (800) 262-0454 or visit www.BuzzClassAction.com. You may also write with questions to In re Google Buzz User Privacy Litigation, c/o The Garden City Group, Inc., P.O. Box 91088, Seattle, WA 98111-9188.

# THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

- *First*, Google agreed to make, and did make, changes to Buzz that clarify its operation and users' options regarding Google Buzz, including, in particular, changes regarding user information and control over Buzz's privacy settings. The Settlement Agreement recognizes that since the inception of this Action Google has made these changes to Google Buzz.

- *Second*, Google will do more to educate users about the privacy aspects of Google Buzz. Google will consider the recommendations of Plaintiffs about the content of that public education. Google will select and design the final content of the public education efforts in its discretion, and will provide a report to Plaintiffs' lead lawyer of the education undertaken.

- *Third*, Google will pay a total of $8,500,000 into an interest-bearing account. This $8,500,000, plus interest, will constitute the "Common Fund." Because few, if any, Class Members suffered compensable actual damages and because a pro rata distribution of the fund to the Class would not be feasible due to the size of the Class, the Common Fund amounts in excess of fees, costs, expenses, and incentive awards will be distributed to organizations that advance the privacy interests of internet users such as the Class Members. The Settlement Agreement, available at www.BuzzClassAction.com, describes all of the details about the proposed Settlement Agreement.

### 8. What am I giving up as part of the Settlement?

If the Settlement becomes final, Class Members will be releasing Google from all of the settled claims. The settled claims are all claims arising from or related to the facts giving rise to the subject matter of the Action, as described in Sections 1.23, 1.24 and 9 of the Settlement Agreement. This means you will no longer be able to sue Google regarding any of the settled claims described in the Settlement Agreement if you are a Class Member and if you do not exclude yourself from the Class. The full text of the Settlement Agreement is available at www.BuzzClassAction.com.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue Google about the issues in this case, then you must exclude yourself from ("opt out" of) the Class.

### 9. What happens if I exclude myself?

If you exclude yourself, you cannot object to the proposed Settlement. However, if you ask to be excluded, you may sue or continue to sue Google about the same claims resolved by this Settlement in the future. You will not be bound by anything that happens in this Action.

### 10. If I do not exclude myself, can I sue later?

No, if you are a Class Member, unless you exclude yourself, you give up the right to sue Google for all of the claims that this Settlement resolves.

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter or other written document by mail saying that you want to be excluded from *In re Google Buzz User Privacy Litigation*, No. 5:10-cv-00672-JW. Be sure to include your full name, address, reason why you want out of the Settlement, as well as proof that you used Gmail at some point after

February 9, 2010, your signature, and the date. You must mail your request for exclusion so that it is received no later than **December 6, 2010**, to:

> CLASS ACTION ADMINISTRATOR
>
> In re Google Buzz User Privacy Litigation
> c/o The Garden City Group, Inc.
> P.O. Box 91088
> Seattle, WA 98111-9188

You cannot ask to be excluded on the phone, by email, or at the website. An exclusion request is not a claim for payment.

# THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court appointed Gary E. Mason of Mason, LLP, as "Interim Lead Counsel" and Michael Ram of Ram & Olson LLP as "Interim Liaison Counsel" to represent Class Members. You will not be individually charged for these lawyers, who, instead, will apply to the Court to be paid from the Common Fund. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 13. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees of 25% of the Common Fund, plus reimbursement of costs and expenses. Class Counsel will also request that the seven Class Representatives who helped the lawyers on behalf of the whole Class each receive a $2500 incentive award. The Court may award less than these amounts. The payment of attorneys' fees, incentive awards and reimbursement of costs and expenses will be deducted from the Common Fund prior to the distribution of the Common Fund to the selected Internet privacy organizations.

# OBJECTING TO THE SETTLEMENT

### 14. How do I tell the Court that I do not like the Settlement?

You can object to the Settlement if you do not like any part of it. You must give reasons why you think the Court should not approve the Settlement. To object, send a letter saying that you object to the proposed Settlement in *In re Google Buzz User Privacy Litigation*, No. 5:10-cv-00672-JW. Be sure to include: your name, address, telephone number, and your signature; the reasons why you object to the Settlement; copies of any legal support or evidence you would like the Court to consider; proof that you are a Class Member; and whether you or your attorney will appear at the Fairness Hearing (*see* Question 16 below). Mail the objection to the three different places listed below so that it is received no later than **January 10, 2011**. Note: Your objection must be received by the deadline. The Court will appoint a Class Action Administrator to process all responses to the Settlement, and to coordinate with Class Counsel to answer Class Members' questions.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the United States District Court for the Northern District of California San Jose Division 280 South 1st Street San Jose, CA 95113 | Gary Mason, Esq. Mason LLP 1625 Massachusetts Ave., NW Suite 605 Washington, DC 20036 | David J. Burman, Esq. Perkins Coie LLP 1201 Third Avenue Suite 4800 Seattle, WA 98101-3099 |

**15.  What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you cannot object to the Settlement because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

**16.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at 9:00 a.m. on January 31, 2011, at the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Courtroom 8, 4th Floor, San Jose, CA 95113. At the Fairness Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's request for attorneys' fees, costs and expenses, and the incentive awards. If there are objections, the Court will consider them.

The Fairness Hearing may be moved to a different date without additional notice, so it is recommended that you periodically check www.BuzzClassAction.com for updated information.

**17.  Do I have to come to the hearing?**

No, you are not required to attend the final Fairness Hearing. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection and it was received on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but that is not necessary.

**18.  May I speak at the hearing?**

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *In re Google Buzz User Privacy Litigation*, No. 5:10-cv-00672-JW. Be sure to include your name, address, telephone number, signature, and copies of any documents you have proving that you are a Class Member. Send your Notice of Intent to Appear so that it is received no later than **January 10, 2011**, to the addresses listed in Question 14. You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

**19.  What happens if I do nothing at all?**

If you are a Class Member and do nothing, and you do not exclude yourself, you will not be able to start a lawsuit, or be part of any other lawsuit against Google about the claims in this case, ever again.

# GETTING MORE INFORMATION

**20.  How do I get more information about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.BuzzClassAction.com. You also may write with questions to In re Google Buzz User Privacy Litigation, c/o The Garden City Group, Inc., P.O. Box 91088, Seattle, WA 98111-9188 or call 1 (800) 262-0454.