1  Susan D. Fahringer, State Bar No. 162978
   SFahringer@perkinscoie.com
2  Ryan Spear (*Pro Hac Vice*)
   RSpear@perkinscoie.com
3  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
4  Seattle, WA  98101-3099
   Telephone:  206.359.8000
5  Facsimile:  206.359.9000

6  Sunita Bali, State Bar No. 274108
   SBali@perkinscoie.com
7  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
8  San Francisco, CA  94111-4131
   Telephone:  415.344.7000
9  Facsimile:  415.344.7050

10 Attorneys for Defendant
   GOOGLE INC.
11

12                **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14                        **SAN JOSE DIVISION**

15

16 | MICHAEL AMALFITANO, | Case No. 5:14-cv-00673-BLF |

17 | Plaintiff, |

18 | v. | **GOOGLE INC.'S CONSOLIDATED REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT UNDER RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE [65] AND MOTION TO DISMISS THE COMPLAINT UNDER RULE 16 OF THE FEDERAL RULES OF CIVIL PROCEDURE [67]** |

19 | GOOGLE INC., |

20 | Defendant. |

21

22 Date:   January 29, 2015
   Time:   9:00 a.m.
23 Judge:  Hon. Beth Labson Freeman

24

25

26

27

28

## I. INTRODUCTION

This putative class action raises claims that were resolved and released in a court-approved settlement more than two years ago. It concerns a product, "Google Buzz," that has not been offered for more than three years. Two of the three original plaintiffs have been dismissed, and plaintiffs' attorney has withdrawn. The lone remaining plaintiff—Michael Amalfitano—is proceeding *pro se*. For the following reasons, this Court should bring this case to an end.

***First***, the Complaint should be dismissed under Rule 12 of the Federal Rules of Civil Procedure.[1] Amalfitano is barred from asserting his claims here because he released them in the court-approved settlement of the Buzz Class Action presided over by Judge Ware. Moreover, in approving the settlement and notice program in the Buzz Class Action, Judge Ware considered and rejected the very challenges Amalfitano now makes to the settlement notice. Amalfitano also lacks standing to raise his claims, and his only substantive claim, for violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* (the "SCA"), fails on the merits. Nothing in Amalfitano's opposition remedies these failings.

***Second***, this Court should deny Amalfitano's request for leave to amend the Complaint. Amendment would not cure the deficiencies in Amalfitano's claims, and his request for leave to amend is both untimely and procedurally improper. All of Amalfitano's claims should therefore be dismissed with prejudice.

***Third***, neither dismissed plaintiffs (like former plaintiffs Rudgayzer and Ganci) nor *pro se* plaintiffs (like Amalfitano) may serve as class representatives. Thus, even if this Court declines to dismiss Amalfitano's individual claims, it should, at the very least, dismiss all of the class claims in the Complaint.

---

[1] Because Amalfitano has declared his intent to litigate his claims, Google considers its Motion to Dismiss the Complaint under Rule 16 of the Federal Rules of Civil Procedure (Dkt. 67) moot as to Amalfitano.

-1-

REPLY IN SUPPORT OF MOTIONS TO DISMISS
Case No. 5:14-cv-00673-BLF
41063-0033/LEGAL124806968.1

## II.     ARGUMENT

**A.     This Court Should Dismiss Amalfitano's Claims Under Rule 12**

   **1.     Res Judicata Bars Amalfitano's Claims**

In conjunction with his SCA claim, Amalfitano asks this Court to overrule Judge Ware, who presided over the Buzz Class Action, by declaring that Amalfitano successfully opted out of the Buzz Class.  *See* Compl. ¶ 77 (seeking a declaratory judgment that Amalfitano's opt-out request was "valid," notwithstanding Judge Ware's decision to the contrary).  While Amalfitano is correct that his SCA claim may proceed only if this Court overrules Judge Ware and releases Amalfitano from the Buzz Class, *see* Pl.'s Mem. of Points and Authorities in Opp. to Def.'s Mot. to Dismiss at 8-9 (Dkt. 76), that relief is barred by the doctrine of res judicata.

The facts are undisputed: Amalfitano was a member of the Buzz Class.  *See* Google Inc.'s Mot. to Dismiss the Complaint under Rule 12 at 2-3 (Dkt. 65).  He tried to opt out of the Buzz Class, but his request was rejected as procedurally defective.  *See id*. at 5.  In opposing the Buzz Settlement on behalf of a different class member, Amalfitano's former counsel made the same argument Amalfitano makes here—i.e., that the opt-out requirements were described inconsistently and unclearly.  Judge Ware considered that argument, and rejected it, when he gave final approval to the notice program and the Buzz Settlement.  *See id*. at 6.  As a result, because Amalfitano is a Buzz Class Member, his SCA claim, like the SCA claims of all other Buzz Class Members, was dismissed with prejudice when Judge Ware entered the Final Approval Order in the Buzz Class Action.  *See id*. at 3-4, 7.

The parties disagree about the legal effect of those facts.  Google contends that the Final Approval Order is a final judgment that binds all class members, including Amalfitano, and that res judicata therefore bars Amalfitano from relitigating his SCA claim before this Court.  That position is supported by common sense and case law.  *See Cooper v. Fed. Reserve Bank of*

-2-

*Richmond*, 467 U.S. 867, 874 (1984) ("[A] judgment in a properly entertained class action is binding on class members in any subsequent litigation."); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1018-25 (9th Cir. 2012) (enforcing terms of settlement agreement against plaintiff who did not opt out of prior class action); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 747 (9th Cir. 2006) ("Here, Plaintiffs chose to challenge directly in the *Wal-Mart* litigation whether the settlement released their claims; they do not get a second bite at the apple to challenge collaterally the same issue in the Northern District of California."); *Durney v. WaveCrest Labs., LLC*, 441 F. Supp. 2d 1055, 1059 (N.D. Cal. 2005) ("[D]ismissal of an action with prejudice pursuant to a settlement agreement constitutes a final judgment on the merits and precludes parties from reasserting the same claim in a subsequent action.") (internal quotation marks and citation omitted).

Amalfitano argues that res judicata does not apply here because "a key element of that doctrine, which is that the party in question, i.e., Amalfitano, was a party to the Google Buzz Class Settlement, is in dispute." Dkt. 76 at 8. In other words, Amalfitano claims that he may continue litigating a claim that Judge Ware dismissed with prejudice simply by asking this Court to contradict Judge Ware and hold that Amalfitano *did* opt out of the Buzz Class and therefore *did* preserve his SCA claim.

If accepted, Amalfitano's theory would effectively nullify the doctrine of res judicata, which protects courts and litigants from endless litigation by shielding final judgments from collateral attack. *See Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 846 (9th Cir. 1979) ("The policy underlying res judicata is to secure the peace and repose of society by the settlement of matters capable of judicial determination, to prevent unnecessary vexing of the winning party and to avoid undue burdening of the litigation process and of the courts.") (internal quotation marks and citation omitted).

-3-

In addition, Amalfitano's theory assumes that this Court has the power to revisit and modify Judge Ware's decisions in the Buzz Class Action. But it is "axiomatic that one district court has no jurisdiction to review the decision of another district court." *Green v. Citigroup, Inc.*, 68 Fed. App'x 934, 936 (10th Cir. June 25, 2003) (internal quotation marks and citation omitted); *Treadaway v. Acad. of Motion Picture Arts & Sciences*, 783 F.2d 1418, 1422 (9th Cir. 1986) (affirming district court's rejection of claim for relief from judgment of another court). Thus, courts routinely reject claims that ask them to overrule the decisions of co-equal courts. *See, e.g.*, *Rollock v. LaBarbera*, 2009 WL 8732294, at *1 (S.D.N.Y. June 23, 2009) ("The [decision from a different district court] determined the merits of the original claim the plaintiff seeks to litigate here and plaintiff may not relitigate that claim in this forum simply because he is dissatisfied with the outcome."), *aff'd*, 383 F. App'x 29 (2d Cir. 2010); *S.E. Techs., Inc. v. Summit Elec. Supply, Inc.*, 392 F. Supp. 2d 399, 401 (D. Conn. 2005) (rejecting attempt to use declaratory relief to collaterally attack a different court's judgment).[2]

That is precisely what Amalfitano seeks here: an order overruling Judge Ware's decision to reject Amalfitano's opt-out request and dismiss his SCA claim. *See* Compl. ¶ 77; *see also* Dkt. 76 at 8-9. But "judgments and decrees speak for themselves, and declaratory judgment proceedings are not available to collaterally attack the judgment of a court of competent jurisdiction, to construe and clarify a judgment or to modify or declare rights thereunder." 22A Am. Jur. 2d Declaratory Judgments § 27 (2003). Thus, Amalfitano's claims are barred not only by res judicata, but also by basic principles of judicial comity.

---

[2] *See also, e.g.*, *De Maurez v. Swope*, 110 F.2d 564, 565 (9th Cir. 1940) ("It is highly indiscreet and injudicious for one judge of equal rank and power to review identical matters passed upon by his colleague."); *United States v. Rabin*, 263 F. Supp. 989, 990 (S.D. Fla. 1966) ("This Court has no jurisdiction to review the ruling of the United States District Court for the District of Columbia[.]"); *In re. Pusser*, 123 F. Supp. 164, 167 (E.D.S.C. 1954) ("I have no power or authority to amend, modify or revoke an order of another United States District Judge.").

In short, the fundamental premise of Amalfitano' argument—namely, that his status as a Buzz Class Member is "in dispute"—is wrong. Judge Ware rejected Amalfitano's opt-out request because it was procedurally defective, bound Amalfitano to the terms of the settlement, and dismissed Amalfitano's SCA claim. Those decisions have long since become final. As a result, Amalfitano's membership in the Buzz Class and the status of his SCA claim have been fully and finally adjudicated, and he may not relitigate those issues here.[3]

### 2. Amalfitano Lacks Standing To Assert a Claim Under the SCA

Amalfitano's lone substantive claim arises under the SCA and is based on the allegation that Google disclosed user information when it added Buzz to users' accounts, resulting in "privacy consequence" for Buzz users. *See* Compl. ¶¶ 2, 20.

But as explained in Google's opening brief (Dkt. 65 at 7-9), Amalfitano does not allege that *he* suffered any "privacy consequences" as a result of Google's alleged conduct. For example, he does not allege that Google created and disclosed follower lists for him or that he created any public website postings that were later communicated to others. Instead, Amalfitano's allegations are based on speculation and the hypothetical experiences of other users. *See, e.g.*, Compl. ¶¶ 11-15, 18, 20, 51, 55, 59, 62. Because Amalfitano has not alleged an injury in fact to himself, he lacks standing to pursue his SCA claim. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 (9th Cir. 2009) (plaintiffs lacked standing because the risk of injury they alleged was "not concrete and particularized *as to themselves*"); *In re iPhone Application Litig.*,

---

[3] Moreover, because this Court has no power to overrule Judge Ware's prior decisions, granting Amalfitano's claim for declaratory relief would not clarify or establish any party's legal rights; at most, it would provide the sort of "abstract or academic determination" that the Declaratory Judgment Act does not permit. *Maryland Cas. Co. v. Rosen*, 445 F.2d 1012, 1014 (2d Cir. 1971). Thus, this Court lacks jurisdiction over Amalfitano's declaratory relief claim. And even if this Court has jurisdiction to entertain that claim, it should exercise its discretion and decline to relitigate an issue that was fully and finally adjudicated before Judge Ware. *See Gov't Empls. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (in deciding whether to exercise their discretionary jurisdiction under the Declaratory Judgment Act, district courts should "avoid duplicative litigation").

No. 11-MD-02250-LHK, 2011 WL 4403963, at *4 (N.D. Cal. Sept. 20, 2011) (plaintiffs lacked standing because they "failed to allege concrete, particularized injuries in fact to *themselves*"); *Low v. LinkedIn Corp.*, No. 11-CV-01468-LHK, 2011 WL 5509848, at *6 (N.D. Cal. Nov. 11, 2011) (plaintiff lacked standing because he "failed to put forth a coherent theory of how *his personal information* was disclosed or transferred to third parties") (emphasis added).[4]

In response, Amalfitano argues that a statute like the SCA may confer standing even if a person does not suffer "actual harm" or "actual damages." *See* Dkt. 76. at 2-7. That is true, but it is also irrelevant. Google's standing argument has nothing to do with actual harm or actual damages. Amalfitano lacks standing because he has not alleged that Google violated *his* statutory rights in some concrete way, and therefore has not alleged that he suffered an injury in fact. Injury in fact is distinct from actual harm and actual damages, and it is an irreducible constitutional requirement of Article III standing. *See Warth v. Seldin*, 422 U.S. 490, 500-01 (1975) (although injury "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing," a plaintiff "still must allege *a distinct and palpable injury to himself*") (emphasis added) (internal quotation marks and citation omitted). Amalfitano's failure to allege that Google caused "a distinct and palpable injury to himself"—as opposed to hypothetical people who are not before this Court—is fatal to his SCA claim. *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013) ("[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm. The presence of

---

[4] The Complaint does conclude, without any factual adornment, that "Plaintiffs . . . have been adversely affected and damaged in that Google publicly shared their private information without [their] knowledge or consent." Compl. ¶ 42. But to withstand a motion to dismiss, a plaintiff must offer more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Amalfitano's "conclusory allegations of disclosures . . . resulting in unspecified harm in violation of [the SCA], not supported by any facts, are insufficient to allege violation of [Amalfitano's] statutory rights." *Gaos v. Google*, No. C 10-104809 JW, 2011 WL 7295480, at *3 (N.D. Cal. Apr. 7, 2011).

a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements.") (internal quotation marks and citation omitted).

The cases cited in Amalfitano's opposition support Google, not Amalfitano. For example, Amalfitano relies most heavily on the Ninth Circuit Court of Appeal's recent decision in *Robins v. Spokeo*, 742 F.3d 409 (9th Cir. 2014). But *Spokeo* aligns with Google's argument. There, the Ninth Circuit held that the plaintiff had standing to raise his statutory claim because he alleged that "Spokeo violated *his* statutory rights, not just the statutory rights of other people." *Id*. at 413. The opposite is true here. Amalfitano has not alleged that Google violated his statutory rights; he has alleged only that Google violated the statutory rights of other people. Thus, Amalfitano has failed to alleged an injury in fact, and the Court should dismiss his SCA claim for lack of standing. *See In re iPhone Application Litig.*, 2011 WL 4403963, at *4 (plaintiffs lacked standing because they "failed to allege concrete, particularized injuries in fact to *themselves*"); *compare Tourgeman v. Collins Fin. Svsc., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014) (relying on *Spokeo* to hold that plaintiff established injury in fact and hence standing because he alleged a violation of his own statutory rights).

### 3. Amalfitano Has Not Alleged a Valid SCA Claim

Even if Amalfitano had standing to assert a claim under the SCA (he does not), and even if his SCA claim were not barred by res judicata (it is), this Court should still dismiss his SCA claim because he has failed to state a valid claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

*First*, Amalfitano does not allege that his own information (as opposed to the information of unknown others) was disclosed when Google added Buzz. *See supra* at 5-6.

-7-

*Second*, even if Amalfitano had alleged that he experienced the "privacy consequences" described in the Complaint, those do not amount to a violation of the SCA.  As explained in Google's opening brief (Dkt. 65 at 13-15), Amalfitano cannot state a claim based on alleged disclosures of public profile information or public website postings because the disclosure of public information is not actionable under the SCA.  *See* 18 U.S.C. § 2702(b)(1), (3) (service providers may disclose communications "to an addressee or intended recipient," or "with the lawful consent of the originator"); H.R. Rep. No. 99-647, at 66 (1986) (explaining that "a subscriber who places a communication on a computer 'electronic bulletin board,' with a reasonable basis for knowing that such communications are freely made available to the public, should be considered to have given consent to the disclosure or use of the communication"); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, No. C 07-03952 J, 2008 WL 3200822, at *1 (N.D. Cal. Aug. 7, 2008) (SCA does not create liability for the interception of or access to communications that are readily accessible by the general public).

**B.     This Court Should Deny Amalfitano's Request for Leave to Amend**

In a last-ditch attempt to salvage his SCA claim, Amalfitano submits a declaration purporting to "describ[e] how Google's conduct affected him," and argues in a footnote that "leave to replead" his SCA claim should be granted based on that declaration.  Dkt. 76 at 5 n.2.  He is mistaken.

*First*, this Court should deny Amalfitano's request for leave to amend because amendment would be futile.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming district court's denial of leave to amend because "any amendment would be futile").  Amalfitano's new declaration does not explain how Google Buzz affected him, nor does it contain facts that would cure the defects in the Complaint.  Amalfitano's claims are based entirely on the disclosure of public website postings and the display of "follower" lists on *some* Gmail

-8-

users' public profiles. *See* Compl. ¶¶ 68, 69 (alleging that Google disclosed information "[f]or *some* Gmail users") (emphasis added). While Amalfitano's declaration reconfirms that he was a Gmail user (and therefore a member of the Buzz Class), it does not state any facts showing, for example, that Google added Buzz to Amalfitano's account, that he was assigned followers, that he became a follower of others, or that his follower lists were made public. Nor does Amalfitano declare that he posted to YouTube, Picasa, or any other public website, or that those postings were further distributed through Buzz. At most, the new declaration offers additional supposition and speculation, neither of which can defeat a Rule 12 motion. *See* Decl. of Michael Amalfitano (Dkt. 78) ¶ 2 ("*My understanding* is that . . . Google added my Gmail account to Google Buzz [and that] I was thus affected by Google Buzz in the manner set forth in paragraphs '12' and '20' of the Complaint.") (emphasis added). It therefore illustrates Amalfitano's inability to allege a good-faith claim under the SCA and shows that amendment would be futile.

***Second***, Amalfitano's request for leave to amend is both untimely and improper. It is untimely because it comes years after this lawsuit began, and long after Google first identified the deficiencies in the Complaint.[5] It is improper because it violates the rules of this Court. Local Civil Rule 10-1 ("Amended Pleadings") provides that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." Amalfitano did not comply with that rule, despite the fact that this Court ordered him to "acquaint himself with the Court's local rules and with the Federal Rules of Civil Procedure, as all parties are bound by those rules." Dkt. 74 at 2. This Court should deny Amalfitano's request for leave to amend on that ground alone.

---

[5] While this case was pending before the Eastern District of New York, Google moved to dismiss plaintiffs' claims under Rule 12 and made essentially the same arguments it makes in this round of briefing. *See* Dkt. 11-1. The Eastern District of New York denied Google's original Rule 12 motion as moot when it granted Google's motion to transfer the case for improper venue. *See* Dkt. 32.

-9-
REPLY IN SUPPORT OF MOTIONS TO DISMISS
Case No. 5:14-cv-00673-BLF
41063-0033/LEGAL124806968.1

**C.  At the Very Least, This Court Should Dismiss the Class Claims**

Even if this Court decides not to dismiss Amalfitano's individual claims, it should at least dismiss all of the class claims in the Complaint because no proper class representatives remain.

All plaintiffs purport to represent specific subclasses. *See* Compl. ¶ 1; *see also id*. ¶¶ 32-46 (class allegations). Former plaintiffs Rudgayzer and Ganci cannot serve as class representatives because they have been dismissed. *See* Dkts. 63, 74. Amalfitano cannot serve as a class representative because he is proceeding *pro se*. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."); *Rudgayzer v. Yahoo! Inc.*, No. 5:12-CV-01399 EJD, 2012 WL 5471149, at *4 (N.D. Cal. Nov. 9, 2012) ("[T]he Court agrees . . . that Plaintiff Rudgayzer, because he proceeds in the litigation pro se, cannot represent the class members on whose behalf he purports to bring suit."). Thus, this Court should dismiss all class claims in the Complaint. *See id*. (dismissing class claims of *pro se* plaintiff); *see also Morgovsky v. AdBrite, Inc.*, No. C 10-05143 SBA, 2012 WL 1595105, at *4 (N.D. Cal. May 4, 2012) (same); *White v. Donley*, No. CV05-7728ABCFMOX, 2008 WL 4184651, at *1 (C.D. Cal. Sept. 4, 2008) (same).

### III.  CONCLUSION

For the reasons discussed above, Google respectfully requests that this Court dismiss Amalfitano's claims with prejudice and without leave to amend.

| DATED: January 23, 2015 | **PERKINS COIE LLP** |
|---|---|
| | By: */s/ Susan D. Fahringer* |
| | Susan D. Fahringer |
| | Attorneys for Defendant GOOGLE INC. |

-10-