UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL AMALFITANO,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Case No. 14-cv-00673-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF 65] |

In this putative class action under the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("the SCA"), *pro se* plaintiff Michael Amalfitano seeks to represent a class of individuals who attempted to but were unable to opt out of a 2010 class action lawsuit concerning defendant Google, Inc.'s Google Buzz application. Before the Court is Defendant's Motion to Dismiss the Complaint. Def.'s Mot., ECF 65. On January 29, 2015, the Court held a hearing on the motion. Plaintiff did not appear.[1] Based on the parties' respective written submissions, the Court GRANTS Defendant's Motion to Dismiss without leave to amend.

**I.  BACKGROUND**

In 2010, Defendant introduced Google Buzz program, a social networking tool integrated

---

[1] Plaintiff was originally one of three named plaintiffs, all of whom were represented by the same counsel, Todd C. Bank, when this action was filed in the Eastern District of New York. After the case was transferred to this district, the Court dismissed plaintiff Albert Rudgayzer pursuant to Federal Rule of Civil Procedure 25. *See* ECF 63. Since the transfer to this district, Mr. Bank has refused to appear or otherwise act substantively on the ground that he is not licensed to practice law in California. On December 22, 2014, after two Orders to Show Cause in order to ascertain the intentions of the named plaintiffs and their counsel, the Court ordered that Mr. Bank be terminated as counsel of record for the plaintiffs; that plaintiff Lillian Ganci's claims be dismissed for failure to prosecute; and that Mr. Amalfitano respond to Defendant's motions due to his expressed intention to prosecute his claim *pro se*. *See* ECF 69, 71, 74. It appears that Mr. Amalfitano still associates with former counsel, *see* Certificate of Service, ECF 76, but for all intents and purposes the Court treats Mr. Amalfitano as a *pro se* plaintiff.

with a number of other Google programs such as Gmail, Picasa, and YouTube. Compl. ¶¶ 12-13. At launch, Gmail users were automatically enrolled in Buzz and, upon logging into their accounts, were informed that through Buzz they were "already following the people you email and chat with the most in Gmail." This automatic enrollment in Buzz caused the public disclosure of Gmail users' information such as contact lists, profile information, and Picasa and YouTube postings. *Id.* ¶¶ 12-13, 20. Plaintiff, as a Gmail user "at the time that Google Buzz was launched," *id.* ¶ 23, alleges that Defendant's actions violated various provisions of the SCA, *id.* ¶¶ 47-75.

This precise SCA claim concerning Buzz was the subject of a 2010 class action lawsuit filed in this district (the "Buzz Class Action"). *See In re Google Buzz Privacy Litig.*, No. 10-cv-00672-JW (filed Feb. 17, 2010); Decl. of Susan D. Fahringer Exh. 1, ECF 66. On October 7, 2010, Judge James Ware preliminarily approved a settlement and proposed notice plan in the Buzz Class Action. Compl. ¶ 24; Fahringer Decl. Exh. 4. There were several discrepancies between the settlement agreement and class notice concerning the requirements for opting out of the class. *Id.* ¶¶ 25-28. For example, the settlement agreement provided that opt-out requests must be *postmarked* by a certain date, while the notice provided that requests must be *received* by that date.[2] *Id.* ¶ 25; Fahringer Decl. Exh. 2. Plaintiff alleges that he "followed one requirement from each set of requirements that were inconsistent with each other as between the Google Buzz Settlement Agreement and the Google Buzz Class Notice."[3] Compl. ¶ 29. There are no other allegations concerning what requirements Plaintiff actually followed in attempting to opt out.

Plaintiff seeks a declaration that he successfully opted out of the Buzz Class and seeks to pursue an SCA claim on behalf of individuals who similarly attempted to opt out by following "one or the other requirement from each set of those requirements that were inconsistent as

---

[2] These discrepancies were noted in the objection to the Buzz Class Action settlement made by class member Tanya Rudgayzer through her counsel, Todd C. Bank—former counsel of Plaintiff here. *See* Fahringer Decl. Exh. 6. In entering final approval of the class settlement, Judge Ware considered and overruled that objection. Fahringer Decl. Exh. 3 at 5 ¶, 12 (Amended Order Granting Final Approval of Class Action Settlement).

[3] Reading this sentence literally would suggest that Plaintiff attempted to opt out by picking and choosing among the inconsistent requirements to arrive at a combination of the two that would not have satisfied the requirements of either the Agreement or the Notice.

2

between the Google Buzz Settlement Agreement and the Google Buzz Class Notice, but have been deemed, as a result of such inconsistency, to have failed to opt out of the class." *Id.* ¶¶ 34, 77.

Defendant moved to dismiss the Complaint, arguing that res judicata precludes Plaintiff's claims here because he was a member of the Buzz Class Action and, alternatively that Plaintiff has failed to state a claim and lacks standing to pursue a claim.[4] *See* Def.'s Reply, ECF 79. The Court finds the res judicata issue dispositive.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). Factual allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The allegations, read in this light, must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a Rule 12(b)(6) motion is to be decided on the face of the complaint, a court may consider "items subject to judicial notice, matters of public record, [and] orders." 5B Wright & Miller Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B. Res Judicata

"[A] final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). This doctrine of res judicata applies whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) [identity or] privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *see also* Blonder-Tongue *Labs., Inc. v.*

---

[4] Defendant separately requested that the Court dismiss the case pursuant to Rule 16 in light of the antics of Plaintiff's former counsel described in an earlier footnote. *Supra* at n.1; Def.'s Rule 16 Mot., ECF 67. Defendant considers that motion moot as to Plaintiff in light of his declared intent to litigate this case *pro se*. Def.'s Reply 1, n.1, ECF 79. Because the Court has dismissed the other plaintiffs and counsel in this action, Defendant's Rule 16 motion is DENIED as moot.

3

*Univ. of Ill. Found.*, 402 U.S. 313 (1971). Although an affirmative defense under Rule 8(c), res judicata may be raised by motion to dismiss if there are no facts in dispute. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

A court's approval of a class action settlement constitutes a final judgment on the merits. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746-47 (9th Cir. 2006) (citing *Green v. Ancora Citronelle Corp.*, 577 F.2d 1380, 1383 (9th Cir. 1978)). "[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984).

## III. DISCUSSION

Defendant's argument that res judicata bars Plaintiff's claim may be adjudicated on the face of the Complaint because the facts are not in dispute. The SCA claim alleged here is identical to the one raised in the Buzz Class Action. Fahringer Decl. Exh. 1. The Buzz Class Action concluded with a court-approved class settlement constituting a final judgment on the merits. Plaintiff attempted to opt out of the Buzz Class and that opt-out was deemed untimely. *See* Compl. ¶ 29; Fahringer Decl. Exh. 5 (affidavit of claims administrator with appendices identifying the timely and untimely opt-outs; Plaintiff's is the second name on the list of 40 untimely opt-outs). Plaintiff challenges the legal effect of those facts, arguing that the "key element" of whether he was a party to the Buzz Class Action "is in dispute." Pl.'s Opp. 8. The Court, however, perceives no such dispute because Judge Ware's final approval and judgment was binding "upon all Class Members who have not timely opted-out." Fahringer Decl. Exh. 3 at 7, ¶ 15 (Amended Order Granting Final Approval of Class Action Settlement). As a class member who did not timely opt out, Plaintiff is therefore bound by the class settlement, and by res judicata.[5]

In fact, Plaintiff acknowledges that res judicata bars him from pursuing his claims unless this Court declares that he successfully opted out of the Buzz Class. Pl.'s Opp. 8-9 ("Amalfitano recognizes that this Court's jurisdiction over his underlying claims, *i.e.*, his claims under the SCA, depends on recognition that he is not a party to the Google Buzz Class Settlement"). He does not,

---

[5] The claims administrator's affidavit does not indicate that opt-out requests were rejected for any reason *other* than timeliness.

4

however, provide any authority supporting the declaratory relief that he seeks from *this* Court. A district court judge has discretion to extend a class member's time to opt out. Fed. R. Civ. P. 6(b)(2), 23, 60(b)(6); *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Plaintiff could have sought an extension of the opt-out period by way of a Rule 60(b) motion in the Buzz Class Action. Plaintiff did not do so. That he instead chose to file his own lawsuit a year and a half after judgment in the Buzz Class Action does not present the type of "rare situation" in which this Court would entertain an independent action to undermine the judgment rendered by another court. *Treadaway v. Acad. of Motion Picture Arts & Sciences*, 783 F.2d 1418, 1422 (9th Cir. 1986) (independent actions for relief from the final order of another court "interferes with and usurps the power of the rendering court" and is only permitted in "rare situations"); *accord Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 n.2 (9th Cir. 1996) (citing *Treadaway* for proposition that Rule 60(b) motion for relief from a court order "should generally be brought only in that court").

Because this Court declines to entertain Plaintiff's request that his attempted opt-out of the Buzz Class Action be declared valid, Plaintiff is deemed to be a member of the Buzz class and, accordingly, precluded by the doctrine of res judicata from re-litigating the Buzz SCA claim here. Although leave to amend is liberally granted, amendment here would be futile in light of the res judicata bar on Plaintiff's SCA claim. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave to amend need not be granted if amendment would be futile). Defendant's Motion to Dismiss is accordingly GRANTED without leave to amend.

## IV. ORDER

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED, and the Complaint is DISMISSED without leave to amend. The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: February 2, 2015

BETH LABSON FREEMAN
United States District Judge